Chief Justice Robertson,
delivered the opinion of the court.
In 1809, Isham Talbot, for the consideration of §100, paid to them, by Herndon and Carney, covenanted to convey to "him, one hundred acres of land, in a tract of one thousand five hundred acres, held by him, jointly with othersj “as soon as the disputes arising from the adverse interfering claims, could be finally adjusted and settled, and a division of the said survey of one thousand five hundred acres, between him and the other part owners;” and also to pay them §100 without interest, if, in the partition, the' one hundred •acres sold to them, should not be allotted to him.
In 1822, Herndon, as surviving covenantee, sued Talbot for a breach of the covenant; and assigned two breaches.-
1st. That although the one hundred acres had not been included in Talbot’s part, “upon the division,” he had failed to convey the title.
2d. That he had failed tó pay the §100.
A judgment, by default, having been obtained against Talbot, for §119, he has prosecuted a writ hf error to reverse it.
General er diet cannóTbe sustained when any one breaches as-declaration^ subtantially •defective.
Talbot, for plaintiff; Hctggin and Depew, for defendants. . *
The first breach is insufficient. Talbot was not bound to convey, unless the one hundred acres had been assigned to him, in the partition. Nor was he bound ■----to Gonvey, until all “the interfering claims” had been “adjusted.” The declaration did not aver that they had been “settled.”
It's not matei'ial whether the second breach be Veil assigned or not. A general verdict cannot be sustained, when any one of several breaches is substantially defective. It would, however, have been, at least, prudent aver expressly that there had been a partition.
A verdict for $119, on the second breach, if it had been the only one assigned, could not be sustained. In-' terest from the date of the contract was not allowable. The covenant expressly forbids it. And there is no averment which would entitle the defendant in error to •more than $100.
"What effect, an averment of demand, or of partition, at a specified time, would have had, we need not now intimate. The declaration contains no averment of any demand. Nor does it slate when, if at all, partition was made. The writ was served only a few months prior to the judgment. In no view, therefore, can the judgment be sustained.
Judgment reversed, and cause remanded for anew trial.